UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELLA VANCE,

   Plaintiff,

               Case No.  10-13510

vs.             HON.  GEORGE CARAM STEEH

THE TJX COMPANIES, INC.
d/b/a T.J. MAXX,

   Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DOC. # 11]

On August 2, 2010, plaintiff Marcella Vance filed an action in Wayne County Circuit Court alleging claims against defendant TJX Companies, Inc. ("TJ Maxx").  On September 2, 2010, TJ Maxx removed the case, and on April 25, 2011 filed a motion for summary judgment.  For the reasons set forth, the court GRANTS defendant's motion for summary judgment.

BACKGROUND

TJ Maxx is a Delaware corporation with its principal place of business in Massachusetts, and plaintiff is a resident of Michigan.  This matter arises out of an incident that occurred on May 1, 2010, at approximately 12:30 P.M. in defendant's store in Southgate, MI.  Vance was shopping in the store when a metal wall hanging fell on her head.

Vance asserts that while waiting to be helped at layaway in the TJ Maxx store, she turned a comforter around that was on a shelf below, and to the right of, a metal

wall hanging. According to plaintiff, the metal wall hanging was held up by two brackets at its base that protruded from the wall and allowed the wall hanging to lean back against the wall. There was nothing at the top of the wall hanging to hold the wall hanging in place. After turning the comforter, the wall hanging fell onto Vance's head causing her nose to bleed. Plaintiff suffered no injury requiring medical attention. Plaintiff says she did not touch the wall hanging or cause it to fall.

TJ Maxx filed a motion for summary judgment based on two arguments: (1) Vance provided no evidence to show how the metal wall hanging fell and her claim is therefore based upon speculation, and (2) the alleged hazardous condition was open and obvious, negating TJ Maxx's duty to warn or protect customers.

Vance, in her response to the motion for summary judgment, raises another claim – ordinary negligence, and she asks the court to grant leave to amend if the claim was not clear in the complaint. In the negligence claim, she distinguishes TJ Maxx's "shopkeeper duty" from the duty found in the open and obvious doctrine, and cites the TJ Maxx store manual and guidelines to support its negligence arguments.

TJ Maxx argues that ordinary negligence does not apply to this case, the open and obvious doctrine does apply and bars Vance's claim, and the store manual and guidelines are inadmissable as evidence.

Because this suit sits in diversity, Michigan substantive law applies.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) empowers the court to render summary

judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the

opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  Anderson, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

## ANALYSIS

In order to properly analyze Vance's claim, this court must first determine, from her factual allegations, whether Vance asserts a premises liability claim or a negligence claim.  Michigan courts are not bound by the labels attached to claims by the parties.  Thorne ex rel. Wilson v. Great Atlantic & Pacific Tea Co., Inc., 2010 WL 746422 at *2 (Mich.App. March 4, 2010).  "Michigan law distinguishes between a claim sounding in ordinary negligence, and a premises liability claim." Id. at *1 (citing James v. Alberts, 464 Mich 12. 18-19 (2001)).  An injured person may pursue a claim in ordinary negligence for the overt acts of a premises owner on his or her premises, or a claim in premises liability for the conditions of a premises.  Katchudas v. Invaders Self Auto Wash, Inc., 486 Mich 913, 914 (2010).

In Lugo v. Ameritech Corp., Inc., 464 Mich 512, 514 (2001), a premises liability claim was considered where a customer was injured when she stepped in a pothole in the parking lot.  Similarly, in Boyer v. Target Corp., 2005 WL 602563, at *1 (Mich.App. March 15, 2005), a premises liability claim was considered where a customer reached

3

up to a fireplace display to read a price tag and the fireplace display toppled, striking her. Also, in Cerrito v. K-mart Corp., 2011 WL 1519649, at *1 (Mich.App. April 21, 2011), a premises liability claim was considered where a customer bent over to look at a price tag, and a statue fell on her head. On the other hand, in Clark v. K-mart Corp., 465 Mich 416, 220 (2001), a negligence claim was considered where a customer was injured after slipping on grapes that could have been left in a check-out aisle for an extended period of time because the aisle closed over an hour earlier. The court concluded that the evidence was sufficient for a jury to find that the spilled grapes existed for enough time for employees to be aware of them.

In this case, the injury occurred when a metal wall hanging fell on Vance's head while she was shopping. The metal wall hanging was supported from the bottom by two brackets connected to the wall, allowing it to rest on the brackets and lean back against the wall. The top of the metal art was leaning against, but not attached to, the wall. Pl. Dep. 22-23. The item was displayed above, and next to, a shelf that a comforter was on. Id. at 27-28. Vance turned the comforter, which was encased in plastic, and the metal wall hanging fell. Id. at 31-32. Because the facts must be viewed in a light most favorable to the nonmoving party, the court accepts testimony from Vance that she did not touch the wall hanging when she turned the comforter. Id. at 32. There is no evidence to explain how the metal wall hanging fell, but Vance speculates that the brackets were not secure enough. Id. at 33. Unlike in Clark (grapes), there is no evidence to suggest that Vance's injury was the result of TJ Maxx's employees' omission of their responsibilities. Rather, just as in Lugo (pothole), Boyer (fireplace

display), and Cerrito (statue), her injury is claimed to have occurred as a result of the conditions of the premises. Therefore, Vance's claim sounds in premises liability, and her ordinary negligence claim fails.

Second, in Michigan, the threshold inquiry in establishing a premises liability action is whether the premises owner owes the plaintiff a duty, which is a question of law for the trial court. Cudney v. Sears, Roebuck and Co., 21 Fed.Appx. 424, 428 (6th Cir. 2001). "A premises owner is required to maintain its property in a reasonably safe condition and has a duty to exercise due care to protect invitees from conditions that might result in injury." Id. However, a premises owner does not have a duty to protect invitees from open and obvious dangers, unless a danger is unreasonable, in which case the owner must undertake reasonable precautions. Id. TJ Maxx asserts that the open and obvious doctrine applies in this case.

In Lugo, 464 Mich at 516, a customer was walking through a parking lot to a building when she tripped and fell in a pothole because she admittedly was focused on a truck rather than the ground when she was walking. The Michigan Supreme Court concluded that the premises owner was entitled to summary judgment because a pothole is open and obvious, and the customer did not notice it because her attention was directed elsewhere. Id. at 520-21. Similarly, in Cudney, 21 Fed.Appx. at 428, a customer tripped over the leg of a clothing rack that protruded into the aisle, and the Sixth Circuit Court of Appeals, adhering to Michigan law, also applied the open and obvious doctrine.

In this case, it is not evident that the danger was open and obvious. Vance

described the metal wall hanging as a decorative picture. Pl. Dep. at 22. Vance's focus was on a comforter when the hanging fell (id. at 27-28) – she was not shopping for a wall hanging. Unlike the pothole in Lugo, and the clothing rack leg in Cudney, both of which were easily observable obstacles for customers, the metal wall hanging in this case was not a readily observable danger. As a decorative piece of art, there is no evidence to suggest that a customer would immediately recognize that the wall hanging was made of metal and was poised to fall and cause injury. Further, no evidence suggests that it was protruding from the wall such that a customer would be expected to notice it or know if a bracket was not secure. Thus, the open and obvious doctrine cannot be applied in this case to obviate defendant's duty.

TJ Maxx's duty to Vance required it to maintain its property in a reasonably safe condition and to exercise due care to protect her from conditions that might result in injury. In Boyer, 2005 WL 602563, at *1, a customer was checking a price tag hanging from a fireplace display on a shelf above her when the display fell and injured her. She testified that she did not know how the display fell, and in her deposition she did not claim that the shelf was tilted or that an employee bumped it. Id. Further, it was evident that the display was frequently handled by customers, and thus not within the premises owner's exclusive control. Id. The Michigan Court of Appeals affirmed the premises owner's summary judgment because it found that the display, in itself, did not present an unreasonable risk of danger to anyone, and therefore the premises owner did not have a duty to warn its customers of a nonexistent danger. Id. at *2.

In the present case, just as the customer in Boyer did not know how the fireplace display fell, Vance states in her deposition that she does not know what caused the

6

metal wall hanging to fall, and she speculates that the brackets were not secure enough. Pl. Dep. at 33. While the customer in Boyer was checking a price tag when the display fell, Vance was turning a comforter over when the wall hanging fell. Id. Rhea Didato, a manager at the TJ Maxx store, responded to Vance's injury when it occurred, and states that the brackets securing the metal wall hanging were made of metal covered in plastic with dimensions of 10 inches deep, by six to eight inches tall. Didato Dep. at 10. They were attached to a slat wall and supported the wall hanging at each bottom corner. Id. The brackets and slat wall were both provided by the TJ Maxx corporate office. Id. Vance states that the brackets were intact and still affixed to the slat wall after the wall hanging fell on her (Pl. Dep. at 65), and the metal wall hanging did not appear to be moving before she turned the comforter (id. at 68). Further, the metal wall hanging was not in the exclusive control of TJ Maxx, but within the control of Vance and countless other shoppers, similar to the fireplace display in Boyer. Just as the fireplace display was not determined to present an unreasonable risk of danger sitting unperturbed on a shelf, the metal wall hanging supported by brackets at each of its bottom corners does not present an unreasonable risk of danger. Therefore, TJ Maxx did not owe Vance a duty to warn.

      This court must also determine whether TJ Maxx employees' failure to follow TJ Maxx procedure constitutes neglect of a duty owed to Vance. The Boyer court stated, "the fact that a business enacts an internal safety procedure does not automatically leave the business open to tort liability for its failure to follow it." In the Boyer case, store policy required displays of fireplace utensils and screens to be tied down, and the display that fell on the customer was not. The court found that attributing liability based

on an employee's failure to comply with self-imposed safety codes would discourage self-regulation and lead to less control over safety risks. Id.

Vance provides evidence of TJ Maxx's procedure for displaying metals, which states, "make every effort to peg as much of the metal wall decor as possible... This product is extremely difficult to shop when stacked on shelves." Pl. Resp. Ex. 4 (emphasis added by Vance).  Not only is it clear that the procedure is meant to facilitate easy shopping, as opposed to safety, but Boyer made clear that liability cannot be placed on employees' failure to follow self-imposed procedures.  Thus, even if internal policy called for the metal wall hanging to be pegged down, TJ Maxx's failure to do so does not give rise to tort liability for neglect of its legal duty.

TJ Maxx has a duty to maintain its premises in a reasonably safe condition and to exercise due care to protect invitees like Vance from conditions that might result in injury.  Vance testified that she did not touch the wall hanging directly, nor did the comforter she was handling touch the wall hanging.  Instead, Vance speculates that the brackets on which the wall hanging sat were not secure enough, though she does acknowledge they were still in place after the wall hanging fell.  The wall hanging was displayed in such a way to make it easy for customers to view and handle it.  Like most merchandise at TJ Maxx, the wall hanging was subject to frequent handling by customers, and was not in TJ Maxx's exclusive control.  There is no evidence that the wall hanging was placed or positioned on the wall by employees, as opposed to other customers.  If placed precariously, there is no evidence to determine how long that condition existed before the accident occurred so as to establish notice to defendant.

The court finds that the wall hanging, supported as it was by brackets which

remained intact, did not present an unreasonable risk of danger in violation of TJ Maxx's duty to Vance and other customers.

## CONCLUSION

Because Vance provides only speculation rather than a genuine issue of material fact concerning the existence of a dangerous risk presented by the metal wall hanging, TJ Maxx's motion for summary judgment is hereby GRANTED.

SO ORDERED.

Dated: August 30, 2011

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 30, 2011, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---